Case 4:16-cv-00194 Document 26 Filed in TXSD on 08/08/16 Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE RODRIGUEZ, *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| VS. | § | Civil Action 4:16-cv-194 |
| | § | |
| BANK OF AMERICA N.A., *et al*, | § | |
| | § | |
| *Defendants*. | § | |

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND ORDER ON DEFENDANT'S MOTION FOR ADEQUATE PROTECTION

Pending before the Court are Defendant AMH Roman Two TX, LLC's ("AMH") Motion to Dismiss ("AMH Mot. Dismiss"), AMH's Motion for Adequate Protection ("AMH Mot. Ad. Pro."), and Defendant Bank of America N.A.'s ("Bank of America") Motion to Dismiss ("BANA Mot. Dismiss"). Docs. No. 4, 5, & 10. The District Court referred consideration of the two pending motions to dismiss to this Court for report and recommendation and AMH's Motion for Adequate Protection for decision. Docs. No. 22 & 25. The Court **RECOMMENDS** that AMH's and Bank of America's Motions to Dismiss be **GRANTED**. In addition, the Court **ORDERS** that AMH's Motion for Adequate Protection be **DENIED AS MOOT**.

I. **BACKGROUND**

   A. **Plaintiffs Allege Defendant Improperly Foreclosed On Their House**

This case arises from Bank of America's December 1, 2015 foreclosure of Plaintiffs' house, based on "an alleged mortgage lien default." Doc. No. 1, Ex. 4 ¶ 1 ("Complaint"). On February 22, 2011, Plaintiff executed a Promissory Note ("Note") and Deed of Trust ("2011

Deed") in favor of IMortgage.com, Inc. to purchase property located in Katy, Texas. *Id.* ¶ 13. The principal sum of the Note was $273,760. AMH Mot. Dismiss ¶ 2. "Plaintiff did not execute any other promissory notes or deeds of trust in connection with the property." Compl. ¶ 13. On May 18, 2012, Bank of America became the servicer of the mortgage and owner of the Note through an assignment of the 2011 Deed. BANA Mot. Dismiss ¶¶ 3 & 16. On January 13, 2015, Bank of America filed and recorded a Notice of Substitute Trustee Sale to foreclose on the property on February 3, 2015, but "did not foreclose on the property at that time." Compl. ¶ 14.

Plaintiffs allege that they "submitted a complete loss mitigation application" to Bank of America on November 1, 2015, but Bank of America proceeded to schedule foreclosure proceedings, and conducted a foreclosure sale of the property on December 1, 2015. *Id.* ¶¶ 15 & 18. Plaintiffs further allege that Paragraph 18 of the 2011 Deed required Bank of America not only to send notice of the foreclosure sale to Plaintiffs, but also to record that notice.[1] *Id.* ¶ 22. Plaintiffs allege that Bank of America did not record the notice of sale as required, and therefore did not meet this contractual "heightened requirement." *Id.* ¶¶ 22, 27.

At the December 1, 2015 foreclosure sale, AMH purchased the property. *Id.* ¶ 20. According to AMH, it purchased the property for $256,000. AMH Mot. Dismiss ¶ 5. AMH subsequently filed eviction proceedings against Plaintiffs. Compl. ¶ 21. Plaintiffs appealed and the County Court affirmed on April 14, 2016. *Amh Roman Two TX, LLC v. Jorge Rodriguez,*

---

[1] Paragraph 18 of the Deed of Trust is attached as Exhibit 1 to Plaintiffs' Complaint, and states, in relevant part:

> Foreclosure Procedure. . . . If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. . . .

Compl., Ex. 1 ¶ 18.

2

*Tiffany Rodriguez and All Occupants*, Cause No. 16-CCV-056747 (County Court at Law 1, April 14, 2016), *available at http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=1549997*.[2]

### B. Procedural Background

On January 15, 2016, Plaintiffs filed their Complaint in the 268th Judicial District of Fort Bend County, Texas against Defendants AMH and Bank of America, seeking damages for regulatory violations and breach of the 2011 Deed, declaratory judgment that Defendants had acted improperly in foreclosing on Plaintiffs' property, and attorney's fees. Doc. No. 1 at 1-2 ("Notice"). On January 22, 2016, AMH filed a Notice of Removal on the basis of both federal question and diversity jurisdiction.[3] *Id.* at 2. Bank of America filed its consent to removal once it had been served. Doc. No. 12. On January 25, 2016, Defendant AMH filed a Motion to Dismiss Plaintiff's claims. Doc. No. 4. AMH also filed a Motion for Adequate Protection. Doc. No. 5. On February 22, 2016, Bank of America filed its own Motion to Dismiss Plaintiff's claims. Doc. No. 10. Plaintiffs filed Responses in opposition to all three motions, and Defendants filed Replies in support of the Motions to Dismiss. Docs. No. 8, 9, 14, 11 & 15. Since the Parties have filed all their responses and replies, the motions are now ripe for decision.

## II. DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs bring the following causes of action against Defendants: (1) violation of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), under 12 C.F.R. §

---

[2] The Court may take judicial notice of proceedings in another court. *Sparkman v. Charles Schwab & Co., Inc.*, 336 Fed. App'x 413, 415 (5th Cir. June 10, 2009) ("One court may take judicial notice of another district court's judicial actions.") (citing *Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004)); *see also Karaha Bodas Co., L.L.C. v. Perusahan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 n.*** (5th Cir. 2003) ("This court can take judicial notice of another court's judicial action.").

[3] Plaintiff has not filed a motion for remand. "Where a removed party, by its inaction, has acquiesced in federal jurisdiction, for example, it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum. In such circumstances, where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction." *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. Nov. 16, 1993). Because Plaintiffs allege a claim under federal law, specifically under RESPA, 12 C.F.R. § 1024.41(g), the Court has subject matter jurisdiction. 28 U.S.C. § 1331. Additionally, Defendant AMH alleges that the Court has diversity jurisdiction over this case. Notice ¶¶ 15-20.

1024.41(g), Complaint ¶ 23; (2) breach of contract under Paragraph 18 of the 2011 Deed because "no notice of the foreclosure sale was recorded in the Fort Bend County Property Records 21 days prior to the sale date," *id.* ¶¶ 31-35; (3) declaratory judgment that Defendants did not follow the proper notice procedures pursuant to the 2011 Deed, that Bank of America therefore did not have the power to conduct the foreclosure sale, and that quiet title should be granted in Plaintiffs favor, *id.* ¶¶ 24-27; (4) attorney's fees under the Texas Declaratory Judgment Act, *id.* ¶ 30; and (5) injunctive relief preventing Defendants from taking possession of the property or attempting to evict Plaintiffs, *id.* ¶¶ 44-47.

AMH and Bank of America contend that Plaintiffs' claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). AMH disputes that it owed any duty to Plaintiffs under RESPA. AMH Mot. Dismiss ¶12. In addition, both AMH and Bank of America assert that Plaintiffs fail to state a viable claim under the regulation. *Id.* at ¶¶ 13-16; BANA Mot. Dismiss ¶¶ 17-23. AMH also argues that Plaintiffs cannot bring a breach of contract claim against it because AMH was not a party to the 2011 Deed and cannot have breached it. AMH Mot. Dismiss ¶ 19. Both AMH and Bank of America propound that Plaintiffs have failed to properly state a breach of contract claim because the notice of sale was in fact recorded, as the Deed of Trust required. *Id.* ¶ 20; BANA Reply ¶ 2. AMH and Bank of America further propose that attorney's fees, declaratory judgment, and injunctive relief must rest on substantive claims, and because Plaintiffs' only substantive claims against AMH and Bank of America should be dismissed, these claims for relief must also be dismissed. AMH Mot. Dismiss ¶¶ 21-25; BANA Mot. Dismiss ¶¶ 27-31.

### A.     Legal Standard For Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). However, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010) (Atlas, J.). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The ultimate question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Id.* at 678. A court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

5

"[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (Lake, J.) (citing *Flynn v. State Farm Fire and Casualty Insurance Co. (Texas)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

### B. Plaintiffs Fail To State A Claim Under RESPA

#### i. Plaintiffs' claims based on dual tracking fail because their loss mitigation application was untimely

Plaintiffs claim that Defendants engaged in dual tracking in violation of RESPA. Compl. ¶ 23. "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, ___ Fed. App'x ___, 2016 WL 1127717, at *2 (5th Cir. Mar. 21, 2016). Specifically, Plaintiffs claim that Defendants considered their November 1, 2015 complete loss mitigation application, but then conducted a foreclosure sale on December 1, 2015, in violation of 12 C.F.R. § 1024.41(g). Compl. ¶¶ 18-20, 23.

"Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Gresham*, 2016 WL 1127717, at *2. As the Fifth Circuit noted, however, "Section 1024.41(g) only applies 'where a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale.'" *Id.* (quoting 12 C.F.R. § 1024.41(c)). Bank of America contends that "Plaintiffs clearly allege the complete loan modification application was submitted less than 37 days before the foreclosure sale . . . ." BANA Mot. Dismiss ¶ 20. In fact, Plaintiffs alleged that they submitted the loss mitigation on November 1, 2015 and the foreclosure occurred on December 1, 2015, thirty days later. Compl. ¶¶ 18-20. Because Plaintiffs admit they submitted their complete loss

mitigation application less than 37 days before the foreclosure sale, Section 1024.41(g) is inapplicable, and their claim fails as a matter of law.[4]

### ii. Plaintiffs' claim fails because they did not allege any actual damages

Plaintiffs' claim for violation of Section 1024.41(g) also fails as a matter of law because they do not allege actual damages as a result of the violation. Section 2605(f) of RESPA provides that "whoever fails to comply with any provision of [RESPA] shall be liable to the borrower for each such failure in the following amounts: . . . (A) any actual damages to the borrower . . . and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f). "To recover, a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. App'x 833, 836 (5th Cir. Dec. 3, 2014) (per curiam); *see also Avila v. JPMorgan Chase Bank, N.A.*, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) (Lake, J.) (dismissing plaintiff's RESPA claims for failure to allege specific, actual damages); *Obazee v. The Bank of New York Mellon*, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015) ("Accordingly, because Obazee has failed to plausibly allege that he has suffered actual damages as a result of defendants' alleged violations of 12 C.F.R. § 1024.41 and RESPA, 12 U.S.C. § 2605(f), the court grants defendants' motion to dismiss these claims.").

---

[4] Additionally, Defendants noted that Plaintiffs and Bank of America executed a prior loan modification agreement on December 4, 2013. AMH Mot. Dismiss ¶ 13; BANA Mot. Dismiss ¶ 18. Section 1024.41(i) of RESPA provides that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i). While the loan modification agreement is a public record of which the Court may take judicial notice, *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015), without additional information, the Court cannot determine if the December 4, 2013 agreement was the result of a prior complete loss mitigation application. Regardless, Plaintiffs' RESPA claim fails for other reasons.

7

Although Plaintiffs have not alleged any actual damages, they argue that the statute provides for *additional* damages, which Plaintiffs have alleged and they contend allows them to bring a claim. Resp. AMH Mot. Dismiss ¶ 21. Plaintiffs assert that

> until discovery is complete, it is impossible to determine conclusively whether [Defendant has engaged in ] . . . a pattern or practice of noncompliance with RESPA. Plaintiffs have already identified their own case where there was noncompliance. Accordingly, there exists the possibility, above a mere speculation, that Defendant has behaved the same way with other borrowers, and therefore, that additional damages that the court may allow will apply.

Resp. AMH Mot. Dismiss ¶ 21. Plaintiffs are incorrect in their assertion that Defendant Bank of America's potential pattern or practice of noncompliance rises above "mere speculation." Thus, Plaintiffs have failed to allege facts that would entitle them to additional damages based on Defendant's pattern of noncompliance. Nonetheless, without actual damages, additional damages are insufficient. *Whittier*, 594 Fed. App'x at 836. Because Plaintiffs have failed to allege actual damages, their RESPA claim should be dismissed. *Id.*

### iii. Plaintiffs' claims against AMH fail because it is not a party to the contract

Finally, Defendant AMH argues that Plaintiffs have failed to allege, and cannot allege, that AMH violated RESPA. AMH Mot. Dismiss ¶ 12. RESPA governs the obligations and relationship between borrower and mortgage servicer. 12 U.S.C. § 2605 *et seq.*; 12 C.F.R. § 1024.41. Defendant AMH is neither a borrower nor a mortgage servicer; it is the third party purchaser of the property at the foreclosure sale. Plaintiffs' allegations against AMH are not based on AMH's acts, but instead are based on Bank of America's alleged acts. Compl. ¶ 17-20. Plaintiffs' argument that, upon purchasing the property at the foreclosure sale, AMH became an assignee of the Note subject to the same rights and obligations as Bank of America is without merit. Resp. AMH Mot. Dismiss ¶ 20; *see Gillespie v. BAC Home Loans Servicing, LP*, 2012 WL 1870923, at *6 (N.D. Tex. May 23, 2012) (dismissing Plaintiff's claim against purchaser at

foreclosure sale, based on actions of mortgage servicer, finding that "[Plaintiff's] claim against Fannie Mae was 'wholly predicated on the unlawful acts of BAC.' . . . The mere allegation, for instance, that Fannie Mae purchased the property at the foreclosure sale does not support a conclusion that Fannie Mae engaged in any conduct [in violation of Tex. Fin. Code § 392.301]."). Accordingly, because AMH is a third party purchaser of the property and Plaintiffs have alleged no acts of AMH in violation of RESPA, Plaintiffs' claim against AMH fails as a matter of law.

Therefore, the Court should dismiss Plaintiffs' RESPA claim with prejudice.

### C. Breach of Contract Under The Deed of Trust

Plaintiffs claim that Defendants failed to record notice of the foreclosure sale, as Paragraph 18 of the 2011 Deed requires, and therefore breached the contract. Compl. ¶ 22. Defendants argue that this claim fails as a matter of law because Plaintiffs have failed to allege all necessary elements, the 2011 Deed of Trust was no longer controlling on the parties at the time of the foreclosure sale and the notice was in fact recorded with Fort Bend County, and AMH was not a party to the Deed and therefore cannot be liable for its breach. Reply BANA Mot. Dismiss ¶¶ 26, 25, & 2; AMH Mot. Dismiss ¶ 19.

#### i. Plaintiffs failed to plead the essential element of performance

In Texas, the elements of a cause of action for breach of contract are:

(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.

*Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted). Plaintiffs have failed to allege the second element of the cause of action: that the Plaintiffs performed. The Complaint is silent with respect to Plaintiffs' performance. Plaintiffs do not allege that the bank incorrectly foreclosed on the property because they were not in

9

default. Instead, they allege that the foreclosure was based on an "alleged mortgage default." Compl. ¶ 1. This pleading is insufficient to show facts that Plaintiffs performed.

"A plaintiff who has defaulted on his mortgage payments cannot establish performance, the second element." *Farshchi*, 2016 WL 2858903, at *4 (citing *Brown v. Wells Fargo Bank, N.A.*, 2015 WL 926573, at *3 (S.D. Tex. Mar. 4, 2015) (Miller, J.); and *Owens v. Bank of America, NA*, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012) (Hoyt, J.)). "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *Kaechler v. Bank of America, N.A.*, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013) (Ellison, J.) (citing *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999)). The complaint also "claims that all conditions precedent have been met. However, conclusory allegations do not suffice when assessing a motion to dismiss." *Johnson v. Aurora Loan Servs., LLC*, 2015 WL 5009228, at *4 (S.D. Tex. Aug. 21, 2015) (Miller, J.) (finding "conditions precedent" allegation to be insufficient to plead a necessary element of a trespass to try title claim). Because Plaintiffs have not plead an essential element of the cause of action, the Court should dismiss Plaintiff's breach of contract cause of action.

### ii. Plaintiffs' claim fails because the notice was recorded

Plaintiffs' breach of contract claim is based on the 2011 Deed. Bank of America argues that this contract was no longer controlling at the time of the foreclosure sale. BANA Mot. Dismiss ¶ 15. Instead, Bank of America contends that a subsequent April 11, 2014 Deed of Trust ("2014 Deed") was controlling. *Id.* The Court takes judicial notice of certain public records of Fort Bend County. Both the 2011 Deed and the 2014 Deed are on record with Fort Bend County. Fort Bend County, *Real Estate Document Access*, Document Nos. 2011019866, 2014035682, *available at http://ccweb.co.fort-bend.tx.us/RealEstate/SearchDetail.aspx*. Bank of America claims that the 2014 Deed does not contain the same requirement that the notice of

10

foreclosure sale be recorded. BANA Mot. Dismiss ¶ 16. Regardless of which Deed is controlling, however, the notice requirement was met. Fort Bend County public records show that Notice of Substitute Trustee's Sale was recorded on October 15, 2015. Fort Bend County, *Real Estate Document Access*, Document No. 2015117609, *available at http://ccweb.co.fort-bend.tx.us/RealEstate/SearchDetail.aspx*. Because notice of the foreclosure sale was recorded at least 21 days prior to the sale, as Paragraph 18 of the 2011 Deed required, Plaintiffs cannot show that Defendants breached the contract. Thus, the claim should be dismissed with prejudice.

### iii. AMH is not liable for breach of a contract to which it was not a party

Finally, AMH argues that Plaintiffs' breach of contract claim against it should be dismissed because AMH was not a party to the 2011 Deed, but was merely a third party purchaser at the foreclosure sale. AMH Mot. Dismiss ¶ 19. Plaintiffs have not alleged that AMH was a party to the contract, but have argued that AMH assumed the rights and obligations of Bank of America when it purchased the property. Resp. AMH Mot. Dismiss ¶ 20. Plaintiffs' allegations are based on Bank of America's actions, not AMH's. Because AMH was not a party to the contract, it is not liable for the alleged wrongful acts of Bank of America simply because it was the third party purchaser at the foreclosure sale. *See Gillespie*, 2012 WL 1870923, at *6. Accordingly, Plaintiffs' claim against AMH fails as a matter of law.

Therefore, the Court should dismiss Plaintiffs' breach of contract claim with prejudice.

### D.   Plaintiffs Are Not Entitled To Attorneys' Fees

"To recover attorneys' fees, Plaintiff[] must prevail on a cause of action for which attorneys' fees are recoverable." *Velasquez v. Wells Fargo Bank, N.A.*, 2014 WL 1877665, at *6 (S.D. Tex. May 9, 2014) (Kazen, J.) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). Under Texas law, attorney's fees may be recovered in suits on a written contract. Tex. Civ. Prac. & Rem. Code § 38.01; *see Jeanbaptiste v. Wells Fargo Bank, N.A.*, 2014 WL

2158415, at *12 (N.D. Tex. May 22, 2014). Because Plaintiff's breach of contract claim fails against both AMH and Bank of America, Plaintiffs cannot "prevail on a cause of action for which attorney's fees are recoverable." *Jeanbaptiste*, 2014 WL 2158415, at *12; *see also Velasquez*, 2014 WL 1877665, at *6 ("Because Plaintiff has failed to state any claim upon which relief can be granted, she may not recover attorneys' fees."); *Franklin*, 2012 WL 2679496, at *13 (dismissing request for attorney's fees where all of the plaintiff's claims were subject to dismissal). Accordingly, Plaintiffs are not entitled to attorney's fees and this claim should be dismissed.

### E. Plaintiffs' Claim For Declaratory Judgment Fails

Plaintiff seeks relief under the Texas Declaratory Judgment Act. Compl. ¶ 7. "However, district courts cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *James v. Wells Fargo Bank, N.A.*, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014) (Lake, J.) (citing *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *4 (N.D. Tex. Aug 19, 2011)). "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act."). *Bell v. Bank of America Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (Ellison, J.).

"The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under substantive law." *James*, 2014 WL 2123060, at *8 (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)). Because the Court finds that Plaintiff has

failed to state a cause of action against AMH or Bank of America under either RESPA or breach of contract, "no basis remains for the declaratory judgment requested in the [Complaint]." *James*, 2014 WL 2123060. Accordingly, the Court recommends that Plaintiff's claim for declaratory judgment be dismissed.

### F. Plaintiffs Fail To State A Claim For Injunctive Relief

Plaintiffs' Complaint seeks injunctive relief preventing Defendants from:

> a. entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to quiet enjoyment and use of the Property;
> b. proceeding with or attempting to sell or evict upon the Property; and
> c. attempting to purchase, transfer, assign or collect on the Mortgage.

Compl. ¶ 44. Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D.Tex.2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex.App.2008)). "To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." *McLaughlin v. Wells Fargo Bank, N.A.*, 2013 WL 5231486, at *6 (S.D. Tex. Sept. 13, 2013) (Harmon, J.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002)); *see also Bejjani v. Wilmington Trust Co.*, 2011 WL 3667569, at *6 (S.D. Tex. Aug. 22, 2011) (Hoyt, J.) ("A request for injunctive relief, absent another successful legal cause of action, is fatally defective and does not state a claim.") (citing *Amoco Prod. Co. v. Vil. of Gambell*, 460 U.S. 531, 546 n.12 (1987)).

As with the Declaratory Judgment claim, Plaintiffs have failed to plead a viable, substantive cause of action against either AMH or Bank of America sufficient to support a claim

for injunctive relief. Therefore, the Court recommends that Plaintiff's claim for injunctive relief be dismissed.[5]

### G. Plaintiffs Should Be Granted Leave to Amend Their Complaint

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile." *Donnelly v. JP Morgan Chase, NA*, 2014 WL 429246, at *2 (S.D. Tex. Feb. 4, 2014) (Rosenthal, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.")). While it is within the discretion of the court to grant leave to amend, "a plaintiff should be denied leave to amend a complaint if the court determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face.'" *Id.* (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1487 (2d ed. 1990); *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.")).

---

[5] AMH and Bank of America both argue that Plaintiffs' wrongful foreclosure claim should also be dismissed. AMH Mot. Dismiss ¶ 11; BANA Mot. Dismiss ¶ 13-16. In response, Plaintiffs state that they "did not bring forth an action for wrongful foreclosure." Resp. AMH Mot. Dismiss ¶ 17. However, the Court notes that Plaintiffs plead that they did not receive notice of the acceleration of the Note, which could be construed to state a claim under Tex. Prop. Code §51.002(d). *See* Compl. ¶ 28. Plaintiffs' mere allegation that they did not receive notice, however, fails as a matter of law since they fail to plead that Bank of America did not serve the statutorily required notice. *See Gilespie*, 2012 WL 1870923 at *5. Likewise, Plaintiffs' allegations for injunctive relief mirror wrongful foreclosure allegations. Because Plaintiffs are still in possession of the property, they cannot bring a claim for wrongful foreclosure at this time. *Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *5 (S.D. Tex. May 13, 2016) (Lake, J.). Because Plaintiffs insist they have not alleged a claim for wrongful foreclosure, the Court will not consider whether they have plead any other facts sufficient to state such a claim.

Because Plaintiffs' RESPA claim fails as a matter of law, amendment would be futile. *See Great Plains Trust Co.*, 313 F.3d at 329. With regard to the breach of contract claim, Plaintiffs have failed to plead performance. In the event they were in default, they will not be able to plead performance. In addition, the public records show that the foreclosure notice was recorded and therefore the sole basis of Plaintiffs' breach of contract claim fails. Moreover, AMH is not liable for a breach of a contract to which it is not a party. Therefore, the Court **RECOMMENDS** that Plaintiffs' RESPA and contract claims be **DISMISSED WITH PREJUDICE**. Because the claims for attorneys' fees, declaratory judgment, and injunctive relief require a substantive claim, they should be **DISMISSED WITHOUT PREJUDICE** to the extent Plaintiffs have any other claims that they have not asserted that would support such claims for relief. To the extent they can assert such other claims, Plaintiffs should be given leave to amend.

### III. Defendant AMH's Motion for Adequate Protection

Defendant AMH asserts in its Motion for Adequate Protection that it should be entitled to monthly rent payments from Plaintiffs for their continued use and occupancy of the property during the pendency of this case. AMH Mot. Ad. Pro. ¶ 10. The Deed provides, in relevant part,

> If the Property is sold pursuant to this Paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person **shall be a tenant at sufferance** and may be removed by writ of possession.

Compl., Ex. 1 ¶ 18 (emphasis added). AMH argues that Plaintiffs are tenants at sufferance, and that the Court should require, through its equitable powers, that Plaintiffs pay monthly rent into the registry of the court in order to protect AMH's potential financial interests should Plaintiffs' claims fail. AMH Mot. Ad. Pro. ¶ 20.

15

Adequate protection is a method of protecting the rights of secured creditors, taken from the Bankruptcy Code. 11 U.S.C. § 363. "The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interests. Adequate protection is also grounded in the belief that secured creditors should not be deprived of the benefit of their bargain." *In re DeSardi*, 340 B.R. 790, 796-97 (Bankr. S.D. Tex. Apr. 21, 2006) (Isgur, J.). Although motions for adequate protection are most commonly seen in bankruptcy courts, at least one district court has granted this type of motion outside of bankruptcy. *See Howard v. AMH ROMAN TWO TX, LLC*, 2015 WL 11050915 (E.D. Tex. Dec. 3, 2015) (recommending that the district court grant Defendant's Motion for Adequate Protection), *report and recommendation adopted by* 2016 WL 3277271 (E.D. Tex. June 15, 2016).

Other courts have dismissed motions for adequate protection as moot when they granted motions for dismissal or summary judgment. *Simicek v. Wells Fargo Bank, N.A.*, 2013 WL 5425126, at *6 (S.D. Tex. Sept. 26, 2013) (Werlein, J.) (denying as moot Defendant's Motion for Adequate Protection after granting Defendant's Motion for Summary Judgment); *Reagan v. U.S. Bank Nat. Ass'n*, 2011 WL 4729845, at *6 (S.D. Tex. Oct. 6, 2011) (Miller, J.) ("Defendants also move the court to order plaintiffs to pay into the registry of the court the equivalent of the plaintiffs' monthly mortgage payment. Since the court has dismissed the plaintiffs' claims, no obstacle prevents the defendants from filing for foreclosure in the proper forum. Therefore the motion is DENIED AS MOOT."); *see also Khan v. Wells Fargo Bank, N.A.*, 2014 WL 200492, at *11 (S.D. Tex. Jan. 17, 2014) (Atlas, J.) (Court denied as moot Defendant's Motion for Adequate Protection after granting Defendant's Motion for Summary Judgment and Second Motion to Dismiss. Court had previously granted Defendant's First Motion for Adequate Protection in part).

Accordingly, because the Court recommends that Plaintiffs' claims against Defendant AMH be dismissed, the Court orders that AMH's Motion for Adequate Protection be denied as moot.

## IV. Conclusion

The Court **RECOMMENDS** that (1) Defendant AMH's Motion to Dismiss be **GRANTED**, (2) Defendant Bank of America's Motion to Dismiss be **GRANTED**, (3) Plaintiff's claims based upon RESPA and breach of contract be **DISMISSED WITH PREJUIDICE**, (4) the claims for attorneys' fees, declaratory judgment and injunctive relief be **DISMISSED WITHOUT PREJUIDICE**, and (5) that Plaintiffs be given leave to amend to the extent they can assert any claims other than RESPA or breach of contract.

The Court **ORDERS** that Defendant AMH's Motion for Adequate Protection be **DENIED AS MOOT**.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

DATE: August 8, 2016

_____
**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**